KAYATTA, Circuit Judge,
dissenting from denial of petition for permission to appeal.
Two years ago, a divided panel of this court proposed sua sponte that plaintiffs could use consumer affidavits to establish injury at the liability stage of a Rule 23(b)(8) class action. See In re Nexium Antitrust Litig., 777 F.3d 9, 20 (1st Cir. *15 2015). On the basis of this judicially crafted mechanism for separating injured class members from uninjured ones, the Nexium majority upheld the certification of a class that potentially included tens of thousands of uninjured persons. See id. at 32. For a variety of reasons, the Nexium majority’s proposal struck me as a bad idea. In particular, allowing plaintiffs to carry their burdens of proof on the question of injury by filing hundreds of thousands of affidavits meant either that the defendant would have no practical ability to challenge the affidavits, or that the class action would become unmanageable. See id. at 33-35 (Kayatta, J., dissenting).
The affidavit proposal was never implemented in Nexium, as the case was tried by a jury before the panel perhaps unnecessarily issued its opinion. Here, however, in a consumer class action challenging representations made by the defendant as to the antibacterial properties of its soap, the district court has ruled that the fact that a particular person has even bought the soap can be established through the submission of an affidavit so stating. See In re Dial Complete Mktg. & Sales Practices Litig., 312 F.R.D. 36, 52 (D.N.H. 2015). In a case involving an individual consumer, the defendant could easily challenge such a claim, and a jury would decide whether the individual claimant was being truthful. I have trouble seeing how the same can be accomplished in this case, which, like Nexi-um, involves potentially hundreds of thousands of claimants. Absent any explanation from the district court as to how it will resolve that mystery in a manner that is not only “consistent with defendants’ Seventh Amendment and due process rights,” see Nexium, 777 F.3d at 14 (majority opinion), but also manageable within the meaning of Rule 23(b)(3), see Fed. R. Civ. P. 23(b)(3)(D), I believe that class certification was at best premature.
Sooner or later, this court will have to wrestle with the issues raised by the district court’s approach, which follows the approach established sua sponte by the majority in Nexium. Otherwise, the casual reliance on “say-so” affidavits without any analysis of whether and how the assertions in such affidavits might be reasonably challenged will eventually eliminate the requirements of Rule 23(b)(3) and turn courts into claims administrators who pay no heed to the guarantees of the Seventh Amendment. Because the instant case provides us with the opportunity to weigh in with some modicum of rigor before any further mischief can result, I respectfully dissent from the denial of the petition for interlocutory review under Federal Rule of Civil Procedure 23(f).